No. 22-55846

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**ALAISHA TYSHARI BROWDER, individually, and DORISTEEN COLEMAN,
as guardian ad litem for minor children D.K.A. and M.K.T.,**
*Plaintiffs and Appellants,*

**vs.**

**COUNTY OF SAN BERNARDINO, JEREMIAH CORNETT, THOMAS
BOYDSTON, and DOES 1 through 10, inclusive,**
*Defendants and Appellees,*

**On Appeal from the United States District Court
for the Central District of California
United States District Court Judge Jesus G. Bernal
Case No. 5:19-cv-02306-JGB (SPx)**

## APPELLANTS' REPLY BRIEF

**Brenton W. Aitken Hands, SBN 308601
Jerry L. Steering, SBN 122509
LAW OFFICES OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Tel.: (949) 474-1849
Fax: (949) 474-1883
e-mail: brentonaitken@gmail.com
e-mail: jerrysteering@yahoo.com**

**Attorney for Plaintiffs and Appellants**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................. 1

ARGUMENT..................................................... 1

I.  APPELLEE CORNETT IS INCORRECT IN ARGUING THAT HIS OMISSIONS IN HIS WARRANT AFFIDAVIT WERE IMMATERIAL. ................................................1

II. APPELLEES ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR VIOLATING APPELLANTS' CONSTITUTIONAL RIGHTS...........9

    A.  Qualified Immunity—Background and General Principles.....................9

    B.  Appellee Cornett is Not Entitled to Qualified Immunity For Deliberate or Reckless Omissions From His Warrant Affidavit, or the Constitutional Violations That Resulted. ..........................................11

    C.  Appellee Cornett is Not Entitled to Qualified Immunity For Deliberately Fabricating Evidence That Caused Ms. Browder to Be Criminal Charged With Child Endangerment. .................................13

    D.  Appellees Are Not Entitled to Qualified Immunity For Arresting Ms. Browder Without Probable Cause, Either for Forgery, or For Child Endangerment. ...........................................................14

    E.  Appellee Cornett is Not Entitled to Qualified Immunity on Ms. Browder's Fourteenth Amendment Familial Association Claim...........16

    F.  Appellees Are Not Entitled to Qualified Immunity on Ms. Browder's Excessive Force Claim...........................................16

III. APPELLEES ARE NOT ENTITLED TO EITHER PROSECUTIORIAL IMMUNITY OR QUALIFIED IMMUNITY ON APPELLANTS' MALICIOUS PROSECUTION CLAIM. ..................19

IV. APPELLEES' ARGUMENT THAT DISPUTED FACTS WERE "ADMITTED TO EXIST WITHOUT CONTROVERSTY" IS WITHOUT MERIT.......................................................22

V.   APPELLEE BOYDSTON'S ARGUMENT THAT THIS COURT
     SHOULD AFFIRM JUDGMENT BECAUSE OF AN ALLEGEDLY
     INCOMPLETE EXCERPTS OF RECORD IS WITHOUT MERIT............27

CONCLUSION ................................................................................................. 29

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>**

*Anderson v. Creighton*,
   483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Awabdy v. City of Adelanto*,
   368 F.3d 1062 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

*Beck v. City of Upland*,
   527 F.3d 853 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Benavidez v. Cnty. of San Diego*,
   993 F.3d 1134 (9th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 13, 14

*Benn v. Lambert*,
   283 F.3d 1040 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*Bernstein v. Unites States*,
   990 F.Supp. 428 (D.S.C. Nov. 10, 1997) . . . . . . . . . . . . . . . . . . . . . 18, 19

*Blankenhorn v. City of Orange*,
   485 F.3d 463 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Branch v. Tunnell*,
   937 F.2d 1382 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Bravo v. City of Santa Maria*,
   665 F.3d 1076 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Caldwell v. City & County of San Francisco*,
   889 F.3d 1105 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Chism v. Washington State*,
   661 F.3d 380 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 13

*Conner v. Heiman*,
   672 F.3d 1126 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

*Costanich v. Dep't of Soc. & Health Servs.*,
   627 F.3d 1101 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 14, 15

*David v. Kaulukukui*,
   2022 WL 2299036 (9th Cir. June 27, 2022) . . . . . . . . . . . . . . . . . . . . . . . 16

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 14

*Franks v. Delaware*,
   438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 11

*Gallagher v. City of Winlock, Wash.*,
   287 Fed. Appx. 568 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*Giebel v. Sylvester*,
   244 F.3d 1182 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hardwick v. Vreeken*,
   844 F.3d 1112 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 17, 18

*Hartman et al. v. Moore*,
   547 U.S. 250 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Henry v. Gill Industries, Inc.*,
   983 F.2d 943 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 25, 26

*Hervey v. Estes*,
   65 F.3d 784 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*,
   776 F.2d 1277 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Hope v. Pelzer*,
   536 U.S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 17, 18

*Hopkins v. Bonvicino*,
   573 F.3d 752 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Karl v. City of Mountlake Terrace*,
  678 F.3d 1062 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Keates v. Koile*,
  883 F.3d 1228 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 16

*Kelson v. City of Springfield*,
  767 F.2d 651 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Kennedy v. Los Angeles Police Dept.*,
  901 F.2d 702 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*KRL v. Moore*,
  384 F.3d 1105 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Liston v. Cnty. of Riverside*,
  120 F.3d 965 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Lombardi v. City of El Cajon*,
  117 F.3d 1117 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*Maric v. Alvarado*,
  748 F. App'x 747 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Marshall v. Gates*,
  44 F.3d 722 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 25, 26

*Mattos v. Agarano*,
  661 F.3d 433 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Motley v. Parks*,
  432 F.3d 1072 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nichols v. Macias*,
  695 Fed. Appx. 291 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*Olvera v. Cnty. of Sacramento*,
  932 F. Supp. 2d 1123 (E.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . Passim

*Pearson v. Callahan*,
  555 U.S. 223 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Richards v. Cnty. of San Bernardino*,
    39 F.4th 562 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Robinson v. Solano County*,
    278 F.3d 1007 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Saucier v. Katz*,
    533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Smiddy v. Varney*,
    665 F.2d 261 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

*Stevens v. Rose*,
    298 F.3d 880 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*Thompson v. Rahr*,
    885 F.3d 582 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Troxel v. Granville*,
    530 U.S. 57 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Esparza*,
    546 F.2d 841 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Hall*,
    113 F.3d 157 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*United States v. King*,
    687 F.3d 1189 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Lanier*,
    520 U.S. 259 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 17, 18

*United States v. Lefkowitz*,
    618 F.2d 1313 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 11

*United States v. Meling*,
    47 F.3d 1546 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Stanert*,
    762 F.2d 775 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 11

*Whitaker v. Garcetti*,
  486 F.3d 572 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wilson v. Layne*,
  526 U.S. 603 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## State Cases

*People v. Pugh*,
  104 Cal.App.4th 66 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*People v. Turner*,
  22 Cal.App.3d 174 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Federal Statutes

18 U.S.C. § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 23

## Federal Rules

Fed. R. Evid. 608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 25

Fed. R. Civ. P 83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## Other Authorities

9th Cir., L. R. 30-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 27, 28

C.D. Cal., L.R. 7-12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

C.D. Cal., L.R. 56-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

## **INTRODUCTION**

In their AABs, Appellees advance several arguments which are either addressed directly in the AOB or are otherwise encompassed by the arguments advanced therein. (*See* AAB Cornett, generally; AAB Boydston, generally.) Although their legal positions are somewhat different, Appellees Cornett and Boydston advance many of the same arguments, or arguments that overlap significantly. To avoid belaboring arguments raised in the AOB, this Appellants' Reply Brief ("ARB") is addressed principally to those points raised in the AABs which are not addressed in the AOB. To the extent any of Appellees' arguments are not specifically discussed, it should be presumed that the AOB anticipates and addresses them adequately.

## **ARGUMENT**

## I.   **APPELLEE CORNETT IS INCORRECT IN ARGUING THAT HIS OMISSIONS IN HIS WARRANT AFFIDAVIT WERE IMMATERIAL.**

With regard to Ms. Browder's Fourth Amendment claim for judicial deception, Appellee Cornett argues that "the asserted misrepresentations or omissions were not material." (Cornett Brief at 27-38.) Appellee Cornett is mistaken.

The standard for materiality is "whether the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding

1

that probable cause existed." *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985); *Chism v. Washington State*, 661 F.3d 380, 389 (9th Cir. 2011). "The effect of the misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Stanert*, 762 F.2d at 782 (citing *United States v. Esparza,* 546 F.2d 841, 844 (9th Cir. 1976)). Under this standard, the threshold question is not whether the omitted information would have caused the magistrate to deny the application, but "whether [the omitted] fact would have prompted the issuing judge to 'require additional information' or 'impose specific restrictions on the warrant's execution.' " *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1086 (9th Cir. 2011); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 974 (9th Cir. 1997).

The misrepresentations and omissions at issue in this case concern the credibility of the complaining witness: Mr. Dejuan Reed. The credibility of a complaining witness is always material to the magistrate's tasks because "it is the function of the issuing magistrate to determine the *reliability of information and credibility of affiants* in deciding whether the requirement of probable cause has been met." *See Franks v. Delaware*, 438 U.S. 154, 160 (1978) (emphases added). As the Supreme Court wrote in *Franks*:

> It is established law . . . that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter. **If an informant's tip is the source of information, the affidavit must recite some of the underlying circumstances from which the informant concluded that relevant evidence might be discovered, and some of the**

2

> **underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was "credible" or his information "reliable."**

*Franks*, 438 U.S. at 165 (emphases added; citations omitted).

Applying *Franks* and its progeny, this Court has explicitly recognized the materiality of "deliberately omitted information concerning [a cooperating witness's] credibility." *United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir. 1995), *cert. denied*, 516 U.S. 843 (1995). This is because "magistrate[s] depend[ ] on the prosecutor and the [police] to present him with the truth, and to bring to his attention problems with their informant's credibility." *United States v. Hall*, 113 F.3d 157, 160 (9th Cir. 1997). "[U]nreliable informant information" is "entitled to no weight," and "no neutral magistrate could possibly . . . credit[ ]" it. *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997).

A witness's history of lying and dishonesty in the course of an investigation is most likely fatal to his credibility. *See Benn v. Lambert*, 283 F.3d 1040, 1055 (9th Cir. 2002) ("Information demonstrating that [an informant] had regularly lied to the authorities . . . was untrustworthy and deceptive, and was even willing to fabricate crimes in order to gain a benefit for himself would have severely undermined his credibility"). For purposes of a "judicial deception" claim, it makes no difference whether the witness is an "anonymous informant," a "complaining witness," or a "coopering witness" because "[a] known liar is less worthy of belief than an individual about whom nothing is known." *See Hall*, 113 F.3d at 159. If the

3

warrant application is based upon a witness's representations of fact, and that witness is "not worthy of belief, then [his allegations do] not amount to probable cause." *Id*.

Similarly, "an informant's self-interested report of criminal activity" carries obvious credibility concerns because it may be a culpable party "trying to buy his way out of trouble by giving the police someone 'up the chain.'" *See Olvera v. Cnty. of Sacramento*, 932 F. Supp. 2d 1123, 1153 (E.D. Cal. 2013); *United States v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997).

Furthermore, this Court has noted, many times, that a witness's relationship to an investigation affects the witness's credibility, usually because of the witness's bias. *See Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997) (if the witness's relationship was disclosed, "the magistrate would have known that CI–1 was Lombardi's former girlfriend who was mad at him"); *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980) ("True, Helen Lefkowitz was the estranged wife of the appellant and as such may have had motivation to contact the IRS other than a sense of civic duty. . . . Inferences of spite, vengeance, and perhaps a desire to obtain advantageous property settlement information via an IRS investigation might spring from this scenario").

Appellee Cornett argues that "[t]he omissions regarding Reed's status as Browder's ex-boyfriend and a former resident of the Nisqualli Residence were

immaterial" to the magistrate's task. (AAB Cornett at 29-34.) Obviously if the magistrate were advised of these facts, he could have accounted for Mr. Reed's "self-interested report of criminal activity," or potential bias as former romantic interest and assessed them against Mr. Reed's credibility. *Olvera*, 932 F.Supp.2d at 1153; *Hall*, 113 F.3d at 159; *Lombardi*, 117 F.3d at 1126; *Lefkowitz*, 618 F.2d at 1317. The magistrate was deprived of that opportunity by Cornett's omissions.

But Mr. Reed's prior relationship and residence with Ms. Browder harms his credibility, not just because of his potential bias and self-interested motives, but because *he repeatedly lied* about these facts. Appellee Cornett admits that he "reviewed an incident report provided from the Los Angeles County Sheriff's Department" where Mr. Reed told LASD investigators that he "never lived at the [Nisqualli] address," that he never "ever sign[ed] a lease for himself anyone else" at that address, and that he had no "ties to Victorville, CA." (2-ER-239—240, 257—262, 3-ER-354.) Appellee Cornett knew or should have known that each of these statements was false. In other words, Appellee Cornett was on notice that Mr. Reed was "[a] known liar," who was "not worthy of belief," whom "no neutral magistrate could possibly . . . credit[.]" *Lombardi*, 117 F.3d at 1126; *Hall*, 113 F.3d at 159; *Benn*, 283 F.3d at 1055. Had Appellee Cornett advised the magistrate that Mr. Reed had repeatedly lied about his involvement with Ms. Browder, and his signing of the lease, it "would have prompted the issuing judge to 'require

additional information' or 'impose specific restrictions on the warrant's execution.' " *Bravo*, 665 F.3d at 1086; *Liston*, 120 F.3d at 974.

Appellee Cornett attempts to distinguish the Supreme Court's decision in *Franks* on grounds that it "did not involve the omission of facts that would tend to show a relationship between the source of the affiant's information and the defendant so as to impact the source's credibility." (AAB Cornett at 33.) However, Ms. Browder cited *Franks* for the indisputable proposition that "[i]f [Mr. Reed was] the source of information [against Ms. Browder], the affidavit must recite . . . some of the underlying circumstances from which the officer concluded that [Mr. Reed] . . . was `credible' or his information `reliable.'" *Franks*, 438 U.S. at 165. Certainly Mr. Reed's prior relationship to Ms. Browder is material to his credibility and reliability because it evinces a potential bias. *Lombardi,* 117 F.3d at 1126; *Lefkowitz*, 618 F.2d at 1317. Similarly, the fact that Mr. Reed repeatedly lied about Ms. Browder, and his relationship to her, is also material. *Lombardi*, 117 F.3d at 1126; *Hall*, 113 F.3d at 159; *Olvera*, 932 F.Supp.2d at 1153.

Appellee Cornett attempts to distinguish this Court's decision in *United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985) on grounds that it "did not involve the omission of facts that would tend to show a relationship between the source of the affiant's information and the defendant so as to impact the source's credibility." (AAB Cornett at 33.) Ms. Browder cited *Stanert* to establish that

6

material omissions of fact "can manipulate the inferences a magistrate will draw," and are thus unlawful under *Franks*. (AOB at 31 [citing *Stanert*, 762 F.2d at 781].) Appellees do not dispute this proposition. (*See* AAB Cornett, generally). Mr. Reed's prior relationship to Ms. Browder is just one of several such omissions which Appellees used to "manipulate the inferences [the] magistrate [could] draw" and effectively "denude the probable cause requirement of all real meaning." (*Id.* at 37.) *See also Lombardi*, 117 F.3d at 1126; *Hall*, 113 F.3d at 159; *Olvera*, 932 F.Supp.2d at 1153; *Benn*, 283 F.3d at 1055.

Appellee Cornett attempts to distinguish this Court's decision in *Benn v. Lambert*, 283 F.3d 1040 (9th Cir. 2002) on grounds that it involved a *Brady* violation "but not a judicial deception issue." (AAB Cornett at 34.) *Benn* established that "[i]nformation demonstrating that [an informant] had regularly lied to the authorities . . . , was untrustworthy and deceptive, and was even willing to fabricate crimes in order to gain a benefit for himself would have severely undermined his credibility." *Benn*, 283 F.3d at 1055. In other words, a witness's history of lying and dishonest behavior is material to the issue of his credibility. *Id*. Appellees' distinction of *Benn* is misguided. First, nothing in *Benn* suggests that it is limited to *Brady* violations. On the contrary, it is virtually self-evident that a witness's history of lies / dishonesty is material to the witness's credibility *in any context* where the witness's "character for truthfulness" is in issue. *See* Fed. R.

Evid. 608(b). Moreover, this Court recently recognized that "[t]he very same rationale motivating the materiality causation standard for *Brady* claims is also present in § 1983 claims for deliberate fabrication of evidence," and that such claims of fabricated can serve as the basis for "a § 1983 claim of judicial deception."[1] *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 571–74 (9th Cir. 2022) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074-1075 (9th Cir. 2001)); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021) (*citing KRL v. Moo*re, 384 F.3d 1105, 1117 (9th Cir. 2004) and *Costanich*, 627 F.3d at 1108). Thus, on a claim for judicial deception based on a deliberate or reckless "omission of a fact necessary to establish probable cause," the materiality of that omission is also governed by the "materiality causation standard for *Brady* claims." *Benavidez*, 993 F.3d at 1146-1147; *Richards*, 39 F.4th at 571–74. Accordingly, under *Benn Benavidez*, and *Richards*, information that a witness "regularly lied to the authorities . . . , was untrustworthy and deceptive" is also material to a probable cause determination for purposes of § 1983 claims of judicial deception and deliberate fabrication of evidence. *See Benn*, 283 F.3d at 1055; *Benavidez*, 993 F.3d at 1146-1147; *Richards*, 39 F.4th at 571–74.

---

[1] Of course, "a *Brady* violation cannot *in itself* support a deliberate-fabrication-of-evidence claim." *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001) (emphases added). But the "*Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 571–74 (9th Cir. 2022)

Thus, for the reasons above, Appellees are incorrect in arguing that Appellee Cornett's omissions and misrepresentations in his warrant affidavit were immaterial. (*See* AOB at 30-37.) On the contrary, they were unquestionably material. If the warrant affidavit were supplemented with these omissions, the warrant would not have issued.

## II. APPELLEES ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR VIOLATING APPELLANTS' CONSTITUTIONAL RIGHTS.

### A. Qualified Immunity—Background and General Principles.

Plaintiffs can overcome qualified immunity by showing (1) that the government official violated a constitutional right, and (2) that the right was "clearly established" at the time of the incident. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011). Whether a right is clearly established turns on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012).

In determining whether the law is clearly established, "the salient question . . . is whether the state of the law in [the year of the incident] gave [officers] *fair warning* that their alleged treatment of [citizens] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 740-741 (2002) ("the 'fair warning' requirement is identical

under [18 U.S.C.] § 242 and the qualified immunity standard"). Law may be clearly established "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Ibid.* (citing *United States v. Lanier*, 520 U.S. 259, 269 (1997)).

Because "a reasonably competent public official should know the law governing his conduct," a published case involving "fundamentally similar" or "materially similar" facts suffices to "clearly establish" the law. *Hope*, 536 U.S. at 741; *Harlow*, 457 U.S. at 819. "Although earlier cases involving 'fundamentally similar' [or 'materially similar'] facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." *Hope*, 536 U.S. at 741, (emphases added). *See Karl v. City of Mountlake Terrace,* 678 F.3d 1062, 1073 (9th Cir.2012). Plaintiffs need not show that "the very action in question has previously been held unlawful"; plaintiffs need only show that the unlawfulness of the action was apparent "in light of pre-existing law." *Harlow,* 457 U.S. at 818; *Creighton*, 483 U.S. at 640. Moreover, the law may be clearly established if there is "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

**B. <u>Appellee Cornett is Not Entitled to Qualified Immunity For Deliberate or Reckless Omissions From His Warrant Affidavit, or the Constitutional Violations That Resulted.</u>**

It is well-established that qualified immunity in unavailable for claims of judicial deception. "If a state official 'submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth, ... he cannot be said to have acted in a reasonable manner, and the shield of qualified immunity is lost.'" *Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) (quoting *Chism v. Washington State* , 661 F.3d 380, 393 (9th Cir. 2011); *Branch v. Tunnell* , 937 F.2d 1382, 1387 (9th Cir. 1991) ); see also *Hervey v. Estes* , 65 F.3d 784, 788 (9th Cir. 1995) (same). "Regardless of whether [officers] were responsible for issuing or executing a warrant that resulted in an unconstitutional search, their judicial deception alone is sufficient to overcome their qualified immunity." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1152 (9th Cir. 2021) (citing *Hervey*, 65 F.3d at 788; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

Here, under clearly established law, it would be clear to every reasonable officer in Appellee Cornett's position that it was unlawful to omit information material to Mr. Reed's credibility and potential bias, especially information that Mr. Reed had lied repeatedly in the course of the investigation. *Franks*, 438 U.S. at 165; *Stanert*, 762 F.2d at 781; *Lombardi,* 117 F.3d at 1126; *Lefkowitz*, 618 F.2d at

11

1317; *Hall*, 113 F.3d at 159; *Olvera*, 932 F.Supp.2d at 1153; *Benn*, 283 F.3d at 1055.

Moreover, it was clearly established that "[w]hen specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred." *Blankenhorn v. City of Orange*, 485 F.3d 463, 472 (9th Cir. 2007). It is beyond debate that forgery is a specific intent crime. *People v. Pugh*, 104 Cal.App.4th 66, 72 (2002); *People v. Turner*, 22 Cal.App.3d 174, 184 (1971). Every reasonable officer in Appellee Cornett's position would know that his omissions were material to the issue of Ms. Browder's intent to commit the specific intent crime of forgery. *Gallagher v. City of Winlock, Wash.*, 287 Fed. Appx. 568 (9th Cir. 2008), *Nichols v. Macias*, 695 Fed. Appx. 291 (9th Cir. 2017), *Stevens v. Rose*, 298 F.3d 880 (9th Cir. 2002), *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir. 1989).

Appellee Cornett attempts to distinguish cases such as *Gallagher*, *Nichols*, *Stevens*, and *Kennedy* on grounds that these cases did not involve "the issue of judicial deception." (*See* AAB Cornett at 32.) However, this distinction is immaterial. As the AOB clearly explains, Ms. Browder cited these cases for this Court's clearly established rule regarding "probable cause requirement for specific intent crimes"—a category which includes forgery. (AOB at 23-30.) Appellee Cornett admits that a valid warrant must by "supported by probable cause." (AAB

12

Cornett at 24.) Thus, these cases clearly govern the issue of "Ms. Browder's specific intent to defraud," for purposes of establishing probable cause to commit forgery. (AOB at 26-27.) Appellee Cornett did not otherwise explain why cases such as *Gallagher, Nichols*, *Stevens* and *Kennedy* do not apply to his warrant affidavit.

Thus, under the authorities above, every reasonable officer in Appellee Cornett's position would realize that his omissions were material to the issue of probable cause. *Richards*, 39 F.4th at 571–74 (9th Cir. 2022); *Devereaux*, 263 F.3d at 1074-1075; *Benavidez*, 993 F.3d at 1146; *KRL*, 384 F.3d at 1117; *Costanich*, 627 F.3d at 1108.

Because Appellee Cornett's omissions were perpetrated deliberately or at best recklessly, he is not entitled to qualified immunity. *Chism*, 661 F.3d at 393; *Branch*, 937 F.2d at 1387; *Hervey*, 65 F.3d at 788.

C. **Appellee Cornett is Not Entitled to Qualified Immunity For Deliberately Fabricating Evidence That Caused Ms. Browder to Be Criminal Charged With Child Endangerment.**

This Court has held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). This "proposition is virtually self-evident," and "the wrongfulness of charging someone on the basis of deliberately fabricated evidence

13

is sufficiently obvious" that every reasonable official would realize that it violates a person's Constitutional rights. *Id. See also Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001) ("even if there is no closely analogous case law, a right can be clearly established on the basis of common sense").

This argument was briefed in the AOB. (AOB at 48-51.) Although Appellees argue that their false representations were mere "careless inaccuracy," that argument is for the jury to decide. (AAB Cornett at 62 [citing *Spencer*, 857 F.3d at 798].) If Appellees made these representations deliberately, they are not entitled to qualified immunity. *Devereaux*, 263 F.3d at 1074-75; *see also Benavidez*, 993 F.3d at 1146; *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1108 (9th Cir. 2010). *See also Hardwick v. Vreeken*, 844 F.3d 1112, 1120 (9th Cir. 2017) ("There are no circumstances in a dependency proceeding that would permit government officials to bear false witness against a parent").

### D. <u>Appellees Are Not Entitled to Qualified Immunity For Arresting Ms. Browder Without Probable Cause, Either for Forgery, or For Child Endangerment.</u>

As noted in the AOB, it is clearly established that "[w]hen specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred." *Blankenhorn v. City of Orange*, 485 F.3d 463, 472 (9th Cir. 2007) (emphases added). And, as noted above, Appellees lacked probable cause of Ms. Browder's

14

"specific intent to defraud" Mr. Reed by forging a lease agreement because they were aware that Mr. Reed was in-fact Ms. Browder's boyfriend, that Mr. Reed had in-fact signed a lease with Ms. Browder previously, that Mr. Reed had in-fact lived with Ms. Browder previously, and that Mr. Reed had previously lied to investigators about everything pertaining to Ms. Browder. (*See* AOB at 32-33.) Thus, under clearly established law, Appellees were on notice that they lacked probable cause of Ms. Browder's specific intent to commit forgery of the lease agreement. *See Gallagher v. City of Winlock, Wash.*, 287 Fed. Appx. 568 (9th Cir. 2008); *Nichols v. Macias*, 695 Fed. Appx. 291 (9th Cir. 2017); *Stevens v. Rose*, 298 F.3d 880 (9th Cir. 2002); *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir. 1989).

Moreover, this Court has already held that "reasonable government officials are on notice that deliberately falsifying evidence in a child abuse investigation and including false evidentiary statements in a supporting declaration violates constitutional rights where it results in the deprivation of liberty or property interests, *be it in a criminal or civil proceeding*." *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010). Appellants have presented evidence that Appellees deliberately presented the prosecutor falsified evidence concerning the presence of "steak knives" and "rotted food" in the apartment in

order to initiate a child endangerment prosecution. (AOB at 46-51; *See* 2-ER-238—243, 247, 250; 3-ER-371—373 ¶¶ 22-25, 30-31, 35.)

Thus, Appellees are not entitled to qualified immunity for arresting Appellant Browder without probable cause, in violation of her Fourth Amendment rights, either for forgery or child endangerment.

### E. Appellee Cornett is Not Entitled to Qualified Immunity on Ms. Browder's Fourteenth Amendment Familial Association Claim.

As explained in the AOB, Appellees' actions in arresting Ms. Browder and depriving her of the company D.K.A. and M.K.T. also amount to a violation of her clearly established right to familial association. *Keates v. Koile*, 883 F.3d 1228, 1235-36 (9th Cir. 2018); *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir. 1985); *David v. Kaulukukui*, 9th Cir. Case No. 21-15731, 2022 WL 2299036, at *5 (9th Cir. June 27, 2022); *Maric v. Alvarado*, 748 F. App'x 747, 751 (9th Cir. 2018). Thus, Appellees are not entitled to qualified immunity.

### F. Appellees Are Not Entitled to Qualified Immunity on Ms. Browder's Excessive Force Claim.

At the time of underlying events in this case, it was clearly established that "use of a drawn gun pointed . . . from close range constitute[s] excessive force," even if officers do not actually fire, particularly where "the suspect was apparently unarmed and . . . [t]here were no dangerous or exigent circumstances apparent at

the time of the detention." *See Robinson v. Solano County*, 278 F.3d 1007, 1013-1014 (9th Cir. 2002) (en banc); *Motley v. Parks*, 432 F.3d 1072, 1088-1089 (9th Cir. 2005) (en banc) *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012); *Hopkins v. Bonvicino*, 573 F.3d 752, 776-777 (9th Cir. 2009). Appellees thus had "fair warning that the conduct then at issue violated constitutional rights." *Hope*, 536 U.S. at 741; *Harlow*, 457 U.S. at 819; *Lanier*, 520 U.S. at 269.

Appellees attempt to distinguish these clearly established cases based on *immaterial facts*. (See AAB Cornett at 67-69; AAB Boydston at 38-43.) Appellees' arguments are unavailing because only *material facts* matter when distinguishing established case law. For example, in *Thompson v. Rahr*, 885 F.3d 582, 586-590 (9th Cir. 2018), this Court granted qualified immunity for an officer who pointed a gun at a non-threatening suspect because he "was engaged in both a traffic stop and a nighttime felony arrest," and the officer knew the arrestee "had been convicted of a recent felony for possessing a firearm." *Thompson*, 885 F.3d at 590. The fact that the incident occurred during a traffic stop was material because the Supreme Court had decided cases post-dating *Hopkins* and *Robinson* stressing the "considerable danger inherent in the traffic stop context." *Id*. at 589. However, this Court emphasized that "the facts of this case are at the outer limit of qualified immunity's protection in the excessive force context." *Id*. (emphasis added). By

17

contrast, the facts of Ms. Browder's case fall squarely within the bounds of *Hopkins*, *Robinson*, and *Motley*, and well past "the outer limit of qualified immunity's protection in the excessive force context." Cf. *Thompson*, 885 F.3d at 590.

In support of their position, Appellees both rely on cases such as *Bernstein v. Unites States*, 990 F.Supp. 428, 438 (D.S.C. Nov. 10, 1997), which stated that citizens have "no constitutional right to not have a federal officer point his weapon and demand that a person not move after entering a residential room through a closed door." (AAB Cornett at 67-69.) *Bernstein* is non-binding law, decided outside this Circuit, and is at odds with this Circuit's clearly established precedent. No reasonable officer would confuse it with binding law of this Circuit. Appellees were bound to follow established law *from the Ninth Circuit*, such as *Hopkins*, *Robinson*, and *Motley*, and they had "fair warning" their conduct ran afoul of these precedents. *Hope*, 536 U.S. at 741; *Harlow*, 457 U.S. at 819; *Lanier*, 520 U.S. at 269.

Thus, for the reasons above, Appellees are not entitled to qualified immunity on Appellants' Fourth Amendment excessive force claim.

18

### III. APPELLEES ARE NOT ENTITLED TO EITHER PROSECUTORIAL IMMUNITY OR QUALIFIED IMMUNITY ON APPELLANTS' MALICIOUS PROSECUTION CLAIM.

Appellees argue that "[t]he filing of a criminal complaint immunizes investigating or arresting officers from liability because it is presumed that the prosecutor who filed the criminal complaint exercised independent judgment in determining that probable cause for the accused's arrest existed at the time." (*See* AAB Cornett at 52-53 [citing *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018)]; AAB Boydston at 65-66 [same].) Thus, Appellees contend, they are entitled to "prosecutorial immunity." (*Id*.)

The Supreme Court has held that in order for police officials to be liable for a malicious criminal prosecution under 42 U.S.C. § 1983, "the plaintiff must establish 'a chain of causation' linking the defendant's actions with the initiation of criminal proceedings." *Hartman et al. v. Moore,* 547 U.S. 250 (2006). "A prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of" police officers and the procuring of a criminal prosecution. *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008). There is a rebuttable "presumption of independent judgment by the district attorney" which can be overcome by showing that (1) "the district attorney was pressured or caused . . . to act contrary to his independent judgment," (2)  the officers presented "to the district attorney . . . information known by them to be false," (3) or the district

attorney "relied on the police investigation . . . instead of making an independent judgment on the existence of probable cause for the arrest." *Smiddy v. Varney*, 665 F.2d 261, 266-268 (9th Cir. 1981); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). This list is "not intended to be exclusive," and "the presumption may be rebutted in other ways." *Id*. Whether plaintiffs have overcome this presumption is a factual determination reserved for the jury. *Beck*, 527 F.3d at 870.

Here, because of Appellees' repeated misrepresentations and omissions, both to the District Attorney, and the Court, the filing DDA, Melissa Pedroza, did not make her filing decision on the basis of true, accurate, and complete information. (*See* 2-ER-238—243, 247, 250.) Appellee Cornett's reports make material misrepresentations and omissions of fact which would certainly have affected a reasonable prosecutor's decision to file the case, particularly regarding the presence of "steak knives" and "rotted food" in the apartment. (2-ER-238—243, 247, 250; 3-ER-371—373 ¶¶ 22-25, 30-31, 35.) Ms. Pedroza admitted that such misrepresentations would affect her decision to file a criminal charge, and that, when apprised of such misrepresentations, she "would have spoken with someone and done more investigation before making a decision to file." (3-ER-338—347.)

20

Moreover, DDA Pedroza's testimony evinces a disturbing lack of independence between her office and the SBCSD. Ms. Pedroza admitted, only with utmost reluctance, that she would change her charging decision if she "knew that a deputy had lied about something or misrepresented" facts to procure a Defendant's prosecution. (3-ER-345—346.) Contrary to Appellees' arguments, such admissions do not assist them,[2] because they demonstrate that the prosecutors in this case would not willingly refuse to file a case based on "information known by them to be false," and would otherwise decline to make "an independent judgment on the existence of probable cause for the arrest." *Smiddy*, 665 F.2d at 266-268; *Awabdy*, 368 F.3d at 1067.

Thus, Appellants presented sufficient evidence to rebut the presumption of the prosecutor's independent judgment. Defendants are not entitled to "prosecutorial immunity," or any other kind of immunity, for maliciously procuring Ms. Browder's prosecution.

Lastly, all of the principles governing Appellants' malicious prosecution claim, as set forth above and in the AOB, were clearly established law. Thus, Appellees are not entitled to qualified immunity on Ms. Browder's malicious prosecution claim.

---

[2] (AAB Cornett at 19-20; AAB Boydston at 25, 65-70.)

**IV. APPELLEES' ARGUMENT THAT DISPUTED FACTS WERE "ADMITTED TO EXIST WITHOUT CONTROVERSTY" IS WITHOUT MERIT.**

Ms. Browder filed one "Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motions for Summary Judgment" which addressed both motions for summary judgment by Appellee-Defendants Cornett and Boydston in a single document.[3] (*See* 6-ER-1220—1221 ¶¶ 77-79.) Unfortunately, due to counsel's oversight, "[Appellants] submitted a statement of genuine disputes that contest[ed] the Boydston SUF . . . but did not submit a separate statement of genuine disputes that contest[ed] the County SUF,"[4] and the District Court on that basis "assume[d] that County Defendants' uncontested material facts [were] admitted to exist without controversy, so long as they are supported by the evidence and otherwise admissible." (1-ER-4—5 [citing C.D. Cal. L.R. 56-3].)

---

[3] Ms. Browder's Memorandum of Points and Authorities in Opposition to Defendants' Motions for Summary Judgment contained, in substance, the same arguments she advances on appeal. Per Circuit Rule 30-1.4, she did not include this document in her Excerpts of Record. *See* 9th Cir. L. R. 30-1.4, notes of Advisory Committee ("Legal memoranda and briefs ordinarily are not relevant to the issues on appeal and, therefore, should be excluded from the excerpts"). Although both Appellees filed Supplemental Excerpts of Record to include their own summary judgment memoranda, neither party included Ms. Browder's memorandum. (*See* Boydston SER 1-83; Cornett SER 1-40.)

[4] The District Court admonished Appellants that the opposition papers were not in compliance with "this Court's Standing Order" and "this Court's Local Rules" which "require a party opposing a motion for summary judgment to 'file with the opposing papers a separate document . . . setting forth all material facts' as to which it is contends there is a genuine dispute." (1-ER-4.)

Appellees now argue that this Court should affirm this District Court's grant of summary judgment on grounds that "Appellant Browder failed to dispute any of Cornett's material facts" and that those facts were "admitted to exist without controversy." (*See* AAB Cornett at 23, 26; AAB Boydston at 62.)

Although Ms. Browder's counsel's oversight in failing to file a separate SUF for Defendant-Appellee Cornett is regrettable, there are several problems with treating disputed facts as "uncontested" and "admitted to exist without controversy." First, this Court has repeatedly held that "a motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir.1993)). As this Court in *Henry* observed:

> Federal Rule of Civil Procedure 83 invites the district courts to formulate local rules, but only insofar as they are not inconsistent with the federal rules themselves. Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. **The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.** A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83.

*Henry*, 983 F.2d at 949–50 (emphases added) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). Thus, this Court reversed a grant of summary judgment where "the district court's refusal to consider [a § 1983 plaintiff's] papers led it to [consider] . . . 'no factual evidence other than those facts presented by defendants,' " because "[t]he practical effect, . . . was to grant summary judgment as a sanction for the late filing." *Id*. at 725. In keeping with this Court's rulings, C.D. Cal. L.R. 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion," but specifically provides an " exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." *See* C.D. Cal. L.R. 7-12.

Here, Appellees both filed motions for summary judgment, and Appellants submitted documents in opposition to Appellees' motions, including a single Statement of Genuine Material Facts in Dispute and a single Memorandum of Points and Authorities. (*See* 3-ER-356—367; 6-ER-1220—1221 ¶¶ 77-79.) Appellants also submitted declarations and a lengthy list of exhibits in opposition to both motions for summary judgment. (2-ER-22—3-ER-376.) However, because of Appellants' "failure to submit a statement of genuine disputes that [separately] contests the County SUF," the District Court "assume[d]" that Appellee Cornett's material facts were "uncontested" and "admitted to exist without controversy, so

24

long as they are supported by the evidence and otherwise admissible."[5] (1-ER-4—5 [citing C.D. Cal. L.R. 56-3].) To the extent the District Court's ruling led it to grant summary judgment on the basis of "'no factual evidence other than those facts presented by [Appellants],' " that ruling was error. *Marshall*, 44 F.3d at 725; *Henry*, 983 F.2d at 950. The District Court was not free to grant summary judgment against Appellants as a "sanction for late filing," or other local rule violation. *Marshall*, 44 F.3d at 725. Although it is regrettable that the form of Ms. Browder's opposition documents failed to conform to the District Court's local rules, they otherwise complied with Fed.R.Civ.P. 56 in establishing "that [Appellees] . . . failed to meet [their] burden of demonstrating the absence of triable issues." *Henry*, 983 F.2d at 949–50. The District Court could impose requirements on Ms. Browder's opposition to Appellees' motions, but "only insofar as they [were] not inconsistent with the federal rules themselves." *Id*.

This Court should also note that Ms. Browder—both in her Statement of Genuine Material Facts in Dispute, and in her Memorandum of Points and Authorities—repeatedly disputed the assertions of Appellee Cornett. (*See* 3-ER-356—367; 6-ER-1220—1221 ¶¶ 77-79.) In fact, *Appellee Boydston*'s moving documents incorporate most of *Appellee Cornett*'s allegations and make numerous

---

[5] The District Court's order often simply ignores Appellants' evidence, summarily dismissing as "no evidence" even though provides citations in her SGMFD. (Compare, 1-ER-5 n.5, n.6, *with* 3-ER-358—359 ¶¶ 6, 11, 21, 23, 33.)

assertions about what Appellee Cornett knew or experienced. (*See* 3-ER-357 ¶ 3

["Mr. Reed told Defendant Cornett that in early 2015, Plaintiff Alaisha Browder . .

. needed help leasing an apartment"], 364 ¶ 40 ["Defendant Cornett smelled a foul

odor, which he assumed came from the rotting food"].) The underlying incident at

issue in this appeal—the arrest of Ms. Browder—is identical for both Appellees

Cornett and Boydston, and many of the asserted "material facts" are likewise

identical. (*See* 3-ER-356—367, 378—395; 4-ER-522—549.) Although not every

fact in the record applies to both parties, there is substantial overlap because both

Appellees Boydston and Cornett physically participated in arresting Ms. Browder,

and both were employees of the San Bernardino County Sheriff's Department. (3-

ER-404—408.) Both Appellees Cornett and Boydston advanced arguments below

which relied on the same set of facts, and they continue to do so on appeal.

(Cornett SER 4—40; Boydston SER 48—82.) In some cases, Appellees Cornett

and Boydston advance arguments which are literally identical, word-for-word.[6]

Under these circumstances, with facts and arguments that overlap so substantially

between Appellees Boydston and Cornett, the District Court had no valid basis to

---

[6] *Compare*, AAB Cornett at 40 ("Even assuming arguendo that Browder
sufficiently raised the consent issue in her brief, she failed to support it with any
evidence aside from her own self- serving declaration . . ."), *with* AAB Boydston at
54 ("Even assuming arguendo that Appellant Browder sufficiently raised the
consent issue in her OB, she failed to support it with any evidence aside from her
own self-serving declaration . . .").

deem any of Cornett's facts "uncontested," or otherwise find that they were "admitted to exist without controversy." *See Marshall*, 44 F.3d at 725; *Henry*, 983 F.2d at 950; cf. 1-ER-4—5.

Thus, to the extent either Appellant Cornett or Boydston argue that "Appellant Browder failed to dispute any of Cornett's material facts" and that those facts were "admitted to exist without controversy,"[7] those arguments ought to be disregarded.

## V. APPELLEE BOYDSTON'S ARGUMENT THAT THIS COURT SHOULD AFFIRM JUDGMENT BECAUSE OF AN ALLEGEDLY INCOMPLETE EXCERPTS OF RECORD IS WITHOUT MERIT.

Appellee Boydston argues that this Court can "affirm the judgment" because "Appellants omit from their Excerpts of Record any of Boydston's and Cornett's reply documents in response to Appellants' opposition papers, most notably Boydston's Reply to Appellants' Statement of Genuine Facts in Dispute." (Boydston Brief at 18-20.) This argument is meritless.

The Advisory Committee's note to Circuit Rule 30-1.4 clearly states that "Legal memoranda and briefs ordinarily are not relevant to the issues on appeal and, therefore, should be excluded from the excerpts." *See* 9th Cir. L. R. 30-1.4. Yet nearly *all* documents contained in *both* Appellees' Supplemental Excerpts of Record are "legal memoranda or briefs." (*See* Boyston SER 1-83; Cornett SER 1-

---

[7] (*See* AAB Cornett at 23, 26; AAB Boydston at 62.)

40.) Ms. Browder correctly excluded Appellee Boydston's "Reply to Appellants' Statement of Genuine Facts in Dispute" because it asserts no new facts, only legal arguments, and is otherwise not "relevant to deciding the appeal." *See* 9th Cir. L. R. 30-1.4(b). Ms. Browder had no obligation to include these documents in the Excerpts of Record, and indeed was advised by this Circuit's own rules to exclude them. *Id*.

Note also that while Appellee Boydston alleges that Ms. Browder committed "violations of the record requirements" by failing to include Appellees' legal memoranda in the initial Excerpts of Record, Appellee Boydston failed to include Ms. Browder's legal memoranda in his own Supplemental Excerpts of Record. (*See* AAB Boydston at 14, 20; Boydston SER 1-82.) Apparently, what's good for the goose is *not* good for the gander. Appellee Boydston's omission is even more unforgivable given that he made numerous arguments concerning Ms. Browder's purported "waiver" of arguments not advanced below. (*See* AAB Boydston at 14, 20-26.)

Thus, Appellee Boydston's argument regarding Appellants' alleged "violations of the record requirements" is meritless and should be disregarded.

## **CONCLUSION**

For the foregoing reasons, this Court should REVERSE the District Court's granting of Appellees' motion for summary judgment and REMAND this case for further proceedings.

Dated: October 18, 2023          Respectfully submitted,

                                ___S/ Brenton W. Aitken Hands_____

                                BRENTON W. AITKEN HANDS,
                                ATTORNEY FOR APPELLANTS

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-55846

I am the attorney or self-represented party.

**This brief contains** | 6,739 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [                ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Brenton Aitken Hands | **Date** | 10-18-2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8** | *Rev. 12/01/22*